DAVID R. ZARO (BAR NO. 124334)
TED FATES (BAR NO. 227809)
TIM C. HSU (BAR NO. 279208)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
515 South Figueroa Street, Ninth Floor
Los Angeles, California 90071-3309
Phone: (213) 622-5555
Fax: (213) 620-8816
E-Mail: dzaro@allenmatkins.com
        tfates@allenmatkins.com
        thsu@allenmatkins.com

Attorneys for Court-appointed Receiver
KRISTA L. FREITAG

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| KRISTA L. FREITAG, Court-Appointed Permanent Receiver for World Capital Market Inc.; WCM777 Inc.; WCM777 Ltd. d/b/a WCM777 Enterprises, Inc.; Kingdom Capital Market, LLC; Manna Holding Group, LLC; Manna Source International, Inc.; WCM Resources, Inc.; ToPacific Inc.; To Pacific Inc.; and their subsidiaries and affiliates , <br><br> Plaintiff, <br><br> v. <br><br> ROBERT SENSI a.k.a. ROBERT MARIO SENSI, BOB SENSI and STEFANO ROBERT SENSI DAVENPORT, <br><br> Defendant. | Case No. 14-cv-9069-JRW-(MRWx) <br><br> FIRST AMENDED COMPLAINT FOR FRAUDULENT TRANSFER, UNJUST ENRICHMENT, AND CONSTRUCTIVE TRUST |

Plaintiff Krista L. Freitag (the "Receiver"), the Court-appointed permanent receiver for World Capital Market Inc.; WCM777 Inc.; WCM777 Ltd. d/b/a WCM777 Enterprises, Inc.; Kingdom Capital Market, LLC; Manna Holding Group, LLC; Manna Source International, Inc.; WCM Resources, Inc.; ToPacific Inc.; To Pacific Inc.; and their subsidiaries and affiliates (the "Receivership Entities"), hereby brings the following First Amended Complaint against Defendant Robert

Sensi a.k.a. Robert Mario Sensi, Bob Sensi and Stefano Robert Sensi Davenport ("Sensi") and alleges, on behalf of the Receivership Entities, as follows:

## I. JURISDICTION AND VENUE.

1. This Court has jurisdiction over this matter under 28 U.S.C. §§ 1345 and 1367(a), and the doctrines of ancillary and supplemental jurisdiction, in that this action arises from a common nucleus of operative facts as, and is substantially related to the original claims in, the Securities and Exchange Commission (the "Commission") enforcement action styled as <u>Securities and Exchange Commission v. World Capital Market Inc., et al.</u>, U.S.D.C., C.D. Cal. Case No. 14-CV-2334-JFW-MRW (the "SEC Action").

2. This Court may exercise personal jurisdiction over Sensi pursuant to Federal Rule of Civil Procedure 4(k)(1)(A); and 28 U.S.C. §§ 754 and 1692.

3. Venue in the Central District of California is proper under 28 U.S.C. § 1391 because this action is an ancillary proceeding to the SEC Action and because the Receiver was appointed in this District pursuant to the Preliminary Injunction, Appointment of a Permanent Receiver, and Related Orders entered by this Court on April 10, 2014 (the "Preliminary Injunction"), and the Order Freezing Assets, Requiring Accountings, Prohibiting the Destruction of Documents, Granting Expedited Discovery, Repatriating Assets, and Appointing a Receiver Over Relief Defendants ToPacific Inc., a Delaware Corporation and To Pacific Inc., a California Corporation entered by this Court on May 21, 2014 (the "Freeze Order") (together the "Appointment Orders").

## II. PARTIES.

4. The Receiver is the duly appointed permanent receiver for the Receivership Entities, and was appointed permanent receiver for the Receivership Entities pursuant to the Appointment Orders. Among other things, the Appointment Orders call for the Receiver to recover and marshal, for the benefit of creditors of and investors in the Receivership Entities, any and all assets which were owned,

leased, occupied, or otherwise controlled by the Receivership Entities or were otherwise purchased with assets of the Receivership Entities. The Receiver holds exclusive authority and control over the assets of the Receivership Entities, including over the causes of action alleged herein, over which this Court has ancillary and supplemental jurisdiction.

5. On information and belief, Sensi is either a citizen and resident of the City of Palm Beach, Florida, or is a citizen and resident of the City of Gambrills, Maryland. Sensi is the recipient of assets of the Receivership Entities as described further herein.

## III. FACTUAL ALLEGATIONS

### A. The Purported Business Of The Receivership Entities And The Commencement Of The SEC Action.

6. As alleged by the Commission in the SEC Action, the Receivership Entities, individually and collectively, raised money from investors based on misrepresentations that the Receivership Entities were engaged in a profitable multi-level marketing venture that sells packages of "cloud media" or cloud services under the umbrella name for the scheme, "WCM777." Investors were promised returns of more than 100% on their investment in 100 days, and were also assigned "points" for their investments which were characterized as convertible into equity through initial public offerings of "high tech" companies the Receivership Entities were purportedly incubating. Through the use of the points system, the Receivership Entities facilitated a "secondary market" in the points awarded to investors, and an estimated $890 million of the points have been traded on this market.

7. In actuality, the Receivership Entities did not realize any appreciable revenue other than from the sale of "packages" of cloud services to investors. WCM777 is not profitable, and is a pyramid scheme. Investor funds were used to make Ponzi payments of returns promised to earlier investors. Much of the remaining funds derived from these investments were used to purchase real property

in the United States, play the stock market and to make other speculative investments.

8. On or about March 27, 2014, the Commission initiated the SEC Action against the Receivership Entities, Ming Xu a/k/a Phil Ming Xu ("Xu"), a principal of the Receivership Entities, and others, alleging violations of federal securities laws. ToPacific Inc. and To Pacific Inc. were added as Relief Defendants to the SEC Action on May 7, 2014. The Commission petitioned for the Receiver's appointment, and on April 10, 2014 and May 21, 2014, this Court entered the Appointment Orders appointing the Receiver as permanent receiver for the Receivership Entities.

**B. <u>The Receiver's Authority And Investigation Pursuant To Her Appointment.</u>**

9. Pursuant to the terms of her appointment, the Receiver is vested with exclusive authority and control over the assets of the Receivership Entities. Specifically, Article XII of the Preliminary Injunction and Article VIII of the Freeze Order vests the Receiver with the "full powers of an equity receiver, including, but not limited to …. *full power to sue* … and take into possession all [receivership] property." (emphasis added.)

10. The Receiver's investigation to date supports and confirms the Commissions allegations in the SEC Action, including that World Capital Market Inc. ("WCM") and ToPacific, Inc. ("ToPacific") were used to receive funds raised from investors in the WCM777 scheme. WCM and ToPacific did not generate any material revenue other than funds received from investors.

**C. <u>The Fraudulent Transfers of Funds To Sensi.</u>**

11. During the 60 days preceding the Receiver's appointment, Sensi received, in aggregate, $403,000 from the Receivership Entities for purported consulting services. These transfers to Sensi are as follows:

| Date | Payor | Amount |
| --- | --- | --- |
| 1/30/14 | ToPacific, Inc. | $15,000 |
| 2/3/14 | ToPacific, Inc. | $35,000 |
| 2/12/14 | ToPacific, Inc. | $40,000 |
| 2/20/14 | ToPacific, Inc. | $100,000 |
| 2/27/14 | ToPacific, Inc. | $120,000 |
| 3/10/14 | To Pacific, Inc. | $25,000 |
| 3/25/2014 | WCM | $68,000 |
| Total | | **$403,000** |

12. Sensi claims that he was hired by the Receivership Entities to help handle complaints about the Receivership Entities' Ponzi scheme from authorities in Peru, Taiwan, and Dubai. Sensi further claims that he used to work for the Central Intelligence Agency and therefore had contacts in these locations.

13. Sensi knew of the Ponzi scheme operated by the Receivership Entities and was well aware that the Receivership Entities were accused of running a Ponzi scheme.

14. Sensi was served with a subpoena to produce documents relating to his involvement with the Receivership Entities and in response, failed to produce any written agreements to show that he was hired to perform services, any invoices for services he purports to have performed or complete bank statements and supporting documentation.

15. Sensi claims his agreement to provide services was oral and no invoices were sent. Sensi also claims some of the funds received were reimbursements for travel expenses. Sensi, however, has not produced evidence of the expenses he claims to have incurred.

16. Sensi did not receive the transferred funds in good faith and did not provide any reasonably equivalent value or consideration in exchange for the $403,000 transferred to him, and the transferred funds are thus subject to disgorgement.

## COUNT I – FRAUDULENT TRANSFER

17. The Receiver incorporates herein each and every allegation contained in Paragraphs 1 through 16, inclusive, hereinabove set forth.

18. During the 60 days preceding the Receiver's appointment, WCM and To Pacific paid $403,000 in the aggregate to Sensi with the intent to hinder, delay, or defraud creditors. Such payments were made from the proceeds of a Ponzi scheme which were generated from investors in the scheme.

19. Sensi did not accept the funds in good faith and the Receivership Entities received no reasonably equivalent value or consideration, directly or indirectly, in exchange.

20. At the time Sensi was paid the subject $403,000, WCM and ToPacific were engaged or about to engage in a business or transaction for which its remaining assets were unreasonably small in relation to the business or transaction.

21. WCM and ToPacific were insolvent, or became insolvent shortly after the subject $403,000 payments were made to Sensi.

22. WCM and ToPacific intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

23. As a consequence of the above, the full amount of the $403,000 transferred to Sensi is an actual and constructively fraudulent transfer under Calfornia's Uniform Fraudulent Transfer Act ("CUFTA"), Cal. Civ. Code § 3439, *et seq.*, and is subject to immediate disgorgement to the Receiver.

## COUNT II – UNJUST ENRICHMENT

24. The Receiver incorporates herein each and every allegation contained in Paragraphs 1 through 23, inclusive, hereinabove set forth.

25. As described in more detail above, WCM and ToPacific paid in the aggregate $403,000 to Sensi in connection with consulting services Sensi purportedly provided. Such payments were made from the proceeds of a Ponzi scheme which were generated from investors in the scheme.

26. Sensi did not accept the funds in good faith and the Receivership Entities received no equivalent value or consideration in exchange therefore.

27. Sensi has thus been unjustly enriched in the amount of $403,000, which amount is subject to immediate disgorgement to the Receiver.

## COUNT III – CONSTRUCTIVE TRUST

28. The Receiver incorporates herein each and every allegation contained in Paragraphs 1 through 27, inclusive, hereinabove set forth.

29. Sensi has been unjustly enriched in the amount of $403,000 as a result of his receipt of payments from WCM and ToPacific. Such payments were made from the proceeds of a Ponzi scheme which were generated from investors in the scheme.

30. Because Sensi has been unjustly enriched in the amount of $403,000, he holds that amount in constructive trust for the Receivership Entities.

31. The Receiver is therefore entitled to a judgment of $403,000 against Sensi.

**REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK**

# PRAYER FOR RELIEF

WHEREFORE, the Receiver prays for judgment against Sensi as follows:

**On Count I:**

(a) For a judgment against Sensi, avoiding the transfer of the subject $403,000; and

(b) For an order directing Sensi to immediately pay $403,000, plus prejudgment interest and costs, to the Receiver; and

(c) For such other and further relief as the Court may deem proper.

**On Count II:**

(a) For a judgment against Sensi in the amount of $403,000, plus prejudgment interest and costs; and

(b) For an order directing Sensi to immediately pay $403,000, plus prejudgment interest and costs, to the Receiver; and

(c) For such other and further relief as the Court may deem proper.

**On Count III:**

(a) For a judgment against Sensi in the amount of $403,000, plus prejudgment interest and costs; and

(b) For an order declaring Sensi to be holding $403,000, plus prejudgment interest and costs, in constructive trust for the Receivership Entities; and

(c) For such other and further relief as the Court may deem proper.

Dated: March 12, 2015

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP
DAVID R. ZARO
TED FATES
TIM C. HSU

By: /s/ Tim C. Hsu
TIM C. HSU
Attorneys for Court-appointed Receiver
KRISTA L. FREITAG

LAW OFFICES
**Allen Matkins Leck Gamble**
**Mallory & Natsis LLP**

1010825.02/LA

-8-

FIRST AMENDED COMPLAINT FOR FRAUDULENT TRANSFER, UNJUST ENRICHMENT, AND CONSTRUCTIVE TRUST